

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 5682 |
| | ) | |
| INTERNATIONAL UNION, UNITED | ) | |
| AUTOMOBILE, AEOROSPACE AND | ) | |
| AGRICULTURAL IMPLEMENT | ) | |
| WORKERS OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant International Union, United

Automobile, Aerospace and Agricultural Implement Workers of America's ("UAW

International") motion for summary judgment. For the reasons stated below, we

grant the motion for summary judgment.

## BACKGROUND

Plaintiff Joseph Harris ("Harris") alleges that he was employed by Plastech

Co. ("Plastech") and that he was fired in January 2006 for alleged workplace violations. (A. Compl. Par. 13). Harris contends that after he was fired, a UAW International representative, "Charlie Willison," (who is actually named Charlie Wilson), ("Wilson") told Harris to "call him" and told Harris that he would help Harris get his job back. (A. Compl. Par. 13); (Harris Decl. Par. 5). According to Harris, he was also "not allowed" to pursue a grievance on his own. (A. Compl. Par. 13). Harris further alleges that UAW International did not set up a meeting for Harris' grievance and Hugo Leon ("Leon"), the "Grievance Handler" gave Harris the "wrong telephone number to talk to him." (A. Compl. Par. 13). Harris claims that UAW International refused to file a grievance on his behalf, challenging his termination. Harris contends that UAW International refused to file a grievance for Harris because he is African American and that the union never files grievances for African American workers. Harris brought the instant action, and in his *pro se* amended complaint he included a claim alleging discrimination because of his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981 ("Section 1981"). UAW International, the only Defendant named in this case, has moved for summary judgment.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any

material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

3

## DISCUSSION

Title VII provides that it is unlawful for a labor organization to discriminate against a member because of his race. 42 U.S.C. § 2000e-2 (c). Section 1981 makes it unlawful to discriminate against an individual, based on the individual's race, in regard to the individual's right "to make and enforce contracts. . . ." 42 U.S.C. § 1981. In the instant action, Harris' Title VII and Section 1981 claims are based upon the allegation that UAW International failed to pursue a grievance on behalf of Harris to try and get Harris his job back at Plastech. Harris admits to facts at the outset, however, that show that UAW International cannot be legally responsible for the alleged failure to file a grievance for Harris.

Harris admits that UAW International and United Automobile Workers Local 3212 ("UAW Local") are separate legal entities. (R SF Par. 19-27). Harris also admits that Plastech, UAW International, and UAW Local are parties to a collective bargaining agreement ("CBA"), and that Article XIII of the CBA establishes a grievance procedure. (R SF Par. 9-10). It is undisputed that an employee is able to initiate a grievance on his own and that Harris did not do so. (R SF Par. 11, 15). Although Harris alleged in the amended complaint that he was "not allowed" to initiate a grievance, Harris has failed to point to any evidence to substantiate his allegations. (A. Compl. Par. 13). More importantly, Harris concedes that in the initial steps of a grievance procedure UAW International is not obligated to

4

participate in the process and that the burden to initiate grievances rests with the aggrieved employee or UAW Local. (R SF Par. 11-12); (Wilson Decl. Par. 19). Thus, Harris' contention that UAW International refused to initiate a grievance for Harris because of his race is fundamentally flawed since UAW International was not obligated under the CBA to initiate such a grievance.

Harris attempts to dispute the fact that UAW International has no involvement in the initial steps of the grievance process, arguing that Wilson told Harris that if Harris "had any problem, he could call him." (R SF Par. 13). However, regardless of whether Wilson offered to give Harris some advice or assistance in getting his job back, that does not negate the express provision in the CBA that obligates the aggrieved employee or UAW Local to initiate a grievance. Even if we accept as true Harris' contention that Wilson told Harris to "call him," there is no evidence that shows that Wilson intended to attempt to file a grievance for Harris or that UAW International initiated grievances for employees. (Harris Decl. Par. 5). Wilson in fact states in his declaration that, since the parties entered into the CBA, he has "never filed any Step 1 grievance for [UAW Local] or its members" and that such a step "is the responsibility of either the individual member" or UAW Local. (Wilson Decl. Par. 21). Harris has not presented any evidence that contradicts those facts. Wilson also states in his declaration that he specifically reminded Harris to contact UAW Local to file a grievance. (Wilson Decl. Par. 22)(SF Par. 40). In response, Harris simply points to his contention that

5

Wilson told Harris "to call" him, but that statement in no way negates Wilson's claim that he reminded Harris to contact UAW Local to file a grievance. (R SF Par. 40); (Harris Decl. Par. 5).

Harris has premised his claims in the instant action upon the fact that UAW International "never filed [a] grievance for [Harris] on any of [his] charges. . . ." (A. Compl. Par. 12(h)). However, since the undisputed evidence shows that the CBA, which governs the grievance procedures, provided that UAW International was not obligated to file such grievances, we grant UAW International's motion for summary judgment.

We also note that we previously denied Harris' motion for leave to file a second amended complaint. Even if Harris had been allowed to amend the complaint for a second time to include UAW Local as a Defendant, it would not have cured the failure by Harris to exhaust his administrative remedies in regard to UAW Local since Harris brought his Equal Employment Opportunity Commission ("EEOC") charge only against UAW International. (7/13/06 Charge); (R SF Par. 20, 23); *Salas v. Wisconsin Dept. of Corrections*, 493 F.3d 913, 921 (7th Cir. 2007)(indicating that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before bringing a Title VII suit in federal court).

## CONCLUSION

Based on the foregoing analysis, we grant UAW International's motion for summary judgment.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 19, 2007